# PROVIDENCE COUNTY.

---

## WILLIAM GROSVENOR *et al. vs.* WILLIAM E. BOWEN.

A testatrix devised to her husband for life all her realty inherited from her mother, and on his death to such persons as he might by last will appoint, and, in default of appointment, to her own heirs at law.

*Held,* that her heirs at law took vested estates in remainder, subject to be divested by the execution of the power of appointment given to her husband.

*Held,* further, that the husband could release his power of appointment to the tenants in remainder.

*Held,* further, that the husband and the heirs at law could, by their joint deed, convey in fee simple the devised realty.

Whether the devise to the heirs at law of the testatrix, in default of appointment, carries the devised realty to her father, as her general heir at law, or to her brothers and sisters as her next of kin of her mother's blood, and hence her special statutory heirs as to ancestral realty in Rhode Island, is not considered.

BILL IN EQUITY for specific performance.    On demurrer to the bill.

*Edward C. Dubois,* in support of the demurrer, cited *Ward* v. *Amory,* 1 Curtis, 419; *Porter* v. *Thomas,* 23 Ga. 467; *Moore* v. *Dimond,* 5 R. I. 121; *Burleigh* v. *Clough,* 52 N. H. 267; *Rhode Island Hospital Trust Co.* v. *Commercial Nat. Bank,* 14 R. I. 625; *King* v. *Mellen,* 1 Vent. 225; 4 Kent Comment. 12 ed. *346; 2 Washburn on Real Property, *308; Burton Real Property, 176; 2 Greenleaf's Cruise on Real Property, 280.

*James Tillinghast,* for complainants, *contra,* cited *Albany's Case,* 1 Rep. 110 b; 1 Inst. 265 b; 1 Sugden on Powers, *89; Williams on Real Property, *311; 2 Washburn on Real Property, *306,

*307 ; *Isaac* v. *Hughes*, 39 Law Jour. N. S. Eq. 379; *West* v. *Berney*, 1 Russ. & M. 431 ; *Bickley* v. *Guest*, 1 Russ. & M. 441 ; *Smith* v. *Death*, 5 Madd. 371.

*July* 2, 1887. DURFEE, C. J. This is a suit by the complainants, claiming to be owners of a lot of land in East Providence, to enforce the specific performance of a contract with them by the defendant for the purchase of said lot. The suit is amicable, the defendant being willing to perform his contract if the complainants can make a good title in fee simple. The bill which is demurred to sets forth the title as follows, to wit: The estate formerly belonged in fee simple to Rosa Ann Grosvenor, who died intestate, leaving five children who inherited it, subject to the curtesy of her surviving husband. One of said children died intestate without issue, so that his share descended to the others. Another of said children, to wit, Alice G. Mason, wife of John G. Mason, died later, leaving a will by which she devised all of her real estate, which she inherited from her mother, to said John for life, and upon his decease to such person or persons, and upon such limitations and conditions, as he might by his last will and testament name, limit, and appoint, and, in default of such appointment, to her own heirs at law. The heirs at law of Mrs. Mason are William Grosvenor, Jun., Rosa Ann Grosvenor, and James B. M. Grosvenor, who, together with William Grosvenor, surviving husband of Rosa Ann Grosvenor, deceased, and said John G. Mason, devisee for life under the will of said Alice, are the parties complainant in this suit. The entire estate is in them, if those of them who are the heirs at law of Mrs. Mason took vested remainders under her will; no question being made but that the interest inherited by Mrs. Mason from her deceased brother descended upon her death to her surviving brothers and sister; and therefore they can make a clear title to the defendant if John G. Mason, devisee for life and donee of the power of appointment under the will, can release the power, or can extinguish it by joining with the other owners in a conveyance of the lot in fee simple.

Upon the question whether estates limited in default of appointment are to be considered as vested or contingent during the continuance of the power, there has been some diversity of de-

cision. In *Leonard Lovie's Case*, 10 Rep. 78, decided in A. D.
1614, and in *Walpole* v. *Lord Conway*, Barnardiston Ch. 153,
decided in A. D. 1740, such remainders were held to be contin-
gent; but later, in *Cunningham* v. *Moody*, 1 Ves. 174, A. D. 1748,
they were held to be vested, subject to be divested by the execu-
tion of the power; and in *Doe dem. Willis* v. *Martin*, 4 Term
Rep. 39, the latter view was affirmed, after great consideration,
upon elaborate arguments; and Chancellor Kent says: "The
doctrine is now definitely settled, and it applies equally to per-
sonal estate." 4 Kent Comment. *324; also *Osbrey* v. *Bury*,
1 Ball & Beat. 53. We think the estate in remainder vested in
the heirs at law of Alice G. Mason, subject to be divested by the
execution of the power given John G. Mason.

We think it was competent for John G. Mason to release the
power to the tenants in remainder, or to extinguish it by joining
with the other complainants in a deed conveying the bargained
lot to the defendant in fee simple, and therein releasing the
power to him. "Powers relating to the land," says Mr. Cruise,
"whether appendant or in gross, may be destroyed by a release
to any person having an estate of freehold in possession, remain-
der, or reversion in the lands to which the power relates. For
where powers are given to a person having an estate or interest,
either present or future, in the land, the exercise of them is con-
sidered as a species of property advantageous to him; and there
is no reason why he should not be allowed to depart with, or
exclude himself from, the benefit of it." Greenleaf's Cruise, vol.
iv. cap. 19, § 4, citing *Digges' Case*, 1 Rep. 174 a. See, also,
*Albany's Case*, 1 Rep. 110 b. The power held by Mason is a
power in gross. Mr. Sugden says: "A present power not sim-
ply collateral may be extinguished by release to any one who has
an estate of freehold in the land in possession, reversion, or re-
mainder, and thereby the estates, which were before defeasible or
chargeable by the power, are by such release made absolute."
Sugden on Powers, *89, citing *Albany's Case*, 1 Rep. 110 b. Of
course, if the life tenant having the power can release it to the
tenant in remainder, he can also release it to the latter's grantee;
and if he can do this, there is no reason why he cannot join with
the tenant or tenants in remainder in a deed conveying the entire

estate, and therein release the power to the grantee. *De Wolf & others* v. *Gardiner*, 9 R. I. 145.

In *West* v. *Berney*, 1 Russ. & Myl. 431, decided in 1819, the Vice-Chancellor, Sir John Leach, reviews the precedents, and, on the strength of *Albany's Case* and *Leigh* v. *Winter*, W. Jones, 411, decides that such a power can be released by the donee who is tenant for life, where he himself is the grantor or settlor of the estate, and expresses the opinion that it may equally be released if he is grantee simply, "because his release must be to him who takes subject to the power, and the exercise of the power would be inconsistent with the release, which is a species of conveyance affecting the land." He also held that such a power is not a trust, even when it is to appoint to particular persons or children, it being optional with the donee to exercise it or not. And see *King* v. *Melling*, 1 Vent. 225 ; *Smith* v. *Death*, 5 Madd. 371.

In *Horner* v. *Swann*, 1 Turn. & R. 430, an estate was devised to A. for life, and after her death to such of the testator's children living at his death as A. should appoint, and, in default of appointment, to the children equally, with survivorship in case of any dying under twenty-one. A. and the three surviving children, all over twenty-one, contracted to sell the devised estate, and upon a bill for specific performance the question was, whether the power could be released or extinguished, and Sir Thomas Plumer, M. R., decreed specific performance. See, also, *Osbrey* v. *Bury*, 1 Ball & Beat. 53 ; 4 Kent Comment. *347.

We think the complainants are entitled to specific performance.

*Decree accordingly.*

NOTE. — After the delivery of the foregoing opinion, and before the entry of any decree thereon, the counsel for the complainants suggested a question, not before raised, relating to the construction of the will of Mrs. Mason, namely, Whether the devise to her "heirs at law" in default of appointment would carry her interest in the bargained lot to her surviving brothers and sister, as had been assumed as matter of course by both court and counsel; or to her father, who was her general heir at law, it having been assumed that the brothers and sister were meant because they were her heirs at law as to her interest in the bargained lot by special statutory provision, the interest having descended to her from her mother, and they being her next of kin of the blood of her mother. The counsel referred to *Garland* v. *Beverly*, L. R. 9 Ch. Div. 215, and *Davis* v. *Kirk*, 2 Kay & J. 391, in which it was held that, under a

devise to the testator's "right heirs," or to her "heirs at law," the general or common law heir would take, though the estate, left to its undiverted course of descent, would go to gavelkind heirs, or to the heirs *ex parte maternâ.* The court, however, did not deem it necessary to consider the question, leaving it open for future decision, inasmuch as it was immaterial to the defendant whether, under the will of Mrs. Mason, the estate devised to her heirs at law, in default of appointment, vested in her father or in her surviving brothers and sister, since, in whomever it vested, it would pass to him by their joint conveyance.