EDNA S. WILSON and WILLIAM C. WILSON, her husband, et al.

v.

GEORGE L. VOGEL.

[Decided May 19th, 1917.]

1. A court of equity will not decree specific performance where doubt as to the vendor's power to convey a good title arises in ascertaining the true construction and legal operation of an instrument.

2. A devise to two daughters, their heirs and assigns, share and share alike, but if either die without issue and intestate her share shall go to the survivor, presents a question not free from doubt as to the devolution of the property, and therefore specific performance will not be decreed upon a deed signed by both daughters and releases of the powers of disposition.

3. *Quære:* Is the estate a life estate with power of testamentary disposition, or a fee defeasible upon the happening of the contingency?

On bill, &c.

*Messrs. Riker & Riker,* for the complainants.

*Mr. Arthur R. Denman,* for the defendant.

LANE, V. C.

This is the familiar friendly suit in specific performance to determine the validity of a title. The conclusions I have reached renders it unnecessary for me to express an opinion as to whether the title is valid or not. Complainants derive their title from Esther C. Shelby, their mother. The will, so far as material, provides as follows:

"I give, devise and bequeath to my said daughter Edna L. and my said daughter Mabel E., their heirs and assigns to be divided between them, share and share alike [the property in question and also certain personal property]. * * * In case either of my said daughters dies without issue, and intestate, her share in said house lots and stable and contents thereof shall go to the survivor."

A deed has been tendered, signed by Edna L. Wilson and Mabel E. Releases of the powers of disposition have also been duly executed by them and their husbands to each other and tendered. The sole question is whether the complainants can with the aid of such releases convey an estate in fee-simple to the defendant. The residue of the estate is to be held by trustees, not only for the benefit of the two daughters and their issue, but also a son. The rule appears to be settled that if a doubt raised depends upon a question involving the application of general principles of law, it is the practice of courts of equity to decide the point of law in a suit for specific performance, but that in such cases specific performance should not be decreed if there is reasonable ground for saying that the question is not settled by previous decisions, or if there are *dicta* of weight which indicates that courts might differ as to the determination of the point involved, and that one of the categories in which the courts decline to compel specific performance is where the doubt as to the vendor's power to convey a good title arises in ascertaining the true construction and legal operation of some ill-expressed and inartificial instrument. This is almost precisely the language of Vice-Chancellor Grey in *Richards* v. *Knight, 64 N. J. Eq. 196,* and see *Lippincott* v. *Wikoff, 54 N. J. Eq. 107,* and *Fahy* v. *Cavanagh, 59 N. J. Eq. 278.* I have reached the conclusion that no construction which I can put upon this clause of the will is so free from doubt as to warrant this court in decreeing specific performance. The contention of the respective parties is, the complainant, that the devise creates a fee-simple defeasible upon the first taker dying without issue, and intestate, in which event the executory devise over would operate, and that the executory devisee being *in esse* and ascertained she may join in the deed and thereby transfer her interest, and that the testamentary power of disposal being a power in gross may be released and the result is a good title; the defendant, that, under the determination of the court of errors and appeals, in *Kellers* v. *Kellers, 80 N. J. Eq. 441; Cantine* v. *Brown, 46 N. J. Law 599,* and *Kent* v. *Armstrong, 6 N. J. Eq. 637,* the devise is that of a life estate only with a power of testamentary disposition, and that inasmuch as the

estate is one for life only, if the first taker dies without issue and intestate, then the executory devise over would operate, and that if she dies with issue either the issue will take or the estate will fall into the residue of first testator's estate. Defendant further contends that in view of *Thompson's Executors* v. *Norris,* in the court of errors and appeals, *20 N. J. Eq. 489,* that there is at least *dictum* in this state which would indicate that the power of disposal is not such a power in gross as may be released, with the result that the first taker might, notwithstanding her release, subsequently exercise her power of disposition by will. If the case of *Kent* v. *Armstrong* is to be given full force and effect, then there is no doubt but that the estate created by this will is a life estate only. It is said that the force of the case is weakened because it rests, to some extent at least, upon the fact that the effect of the words "should die without heirs" was to create at common law a fee tail and under our law a life estate at the time of the decision, but that subsequent to that case, in 1851, a statute was passed (*4 Comp. Stat. (1910), Will, p. 5870 ¶ 27*) which provides that in any devise or bequest of real or personal estate the words "die without issue" or "die without lawful issue" or "have no issue" shall be construed to mean a want or failure of issue, in the lifetime or at the death of such person, and not an indefinite failure of issue, unless a contrary intention should otherwise appear by the will, and that this statute has been considered in numerous cases, among others, *Patterson* v. *Madden, 54 N. J. Eq. 714; Brazzale* v. *Diehm, 86 N. J. Law 276; Dean* v. *Nutley, 70 N. J. Law 217; Steward* v. *Knight, 62 N. J. Eq. 232; Vreeland* v. *Blauvelt, 23 N. J. Eq. 483; Dilts* v. *Clayhaunce, 70 N. J. Eq. 10; Condict* v. *King, 13 N. J. Eq. 375; Davis, Administrator,* v. *Steel, Administrator, 38 N. J. Eq. 168; McDowell* v. *Stiger, 58 N. J. Eq. 125,* and that such cases construe the statute as creating in the first taker a vested but defeasible fee-simple estate the condition of the defeasance being the occurrence of the devisee dying without issue. *Cantine* v. *Brown, 46 N. J. Law 599,* was decided, however, by the court of errors and appeals subsequent to the passage of this statute. There the devise was to three daughters, their heirs and assigns, with a proviso that in case

one should remain unmarried and should make no disposition of her estate by will, her share should at her death be equally divided among her sisters, and the court of errors and appeals said: "The question presented is whether under that devise she takes a fee or merely a life estate with power of testamentary disposition of the property. The decision of this court, in *Kent* v. *Armstrong, 2 Hal. Ch. 637,* disposes of the question." Again, the court of errors and appeals, in *Kellers* v. *Kellers, 80 N. J. Eq. 441,* where the devise was to testator's wife, her heirs and assigns, and should she acquire the estate and die without making a will, then that his will should operate and his estate be divided between his children as therein provided, said, again, quoting *Kent* v. *Armstrong:* "It was held in that case that the primary devisee took a life estate only, with a power of testamentary disposition, and that in the event of her dying intestate the executory devise over became operative. Thirty-five years later we again had before us, in the case of *Cantine* v. *Brown, supra,* the question of the construction of a devise similar to that under scrutiny in *Kent* v. *Armstrong,* and declared that the decision in the earlier case must be regarded as the law of construction in this state on such devises." If the estate taken by the first taker is merely a life estate, then if she dies with issue but intestate it would seem that either the issue take by implication or the property falls into the residue of the testator's estate. This result might be avoided by holding that the first taker took a fee defeasible upon the happening of the contingency, and I might be inclined, if the matter was novel, to so hold, but I cannot conceive that such a holding would be so free from doubt as to permit me to require specific performance. The court of errors and appeals must have given some effect to the words "and intestate" in determining the nature of the estate created.

So, with respect to the power to release the right of testamentary disposition. I have considered the numerous cases cited by the complainant, and *Norris* v. *Thomson's Executors, 19 N. J. Eq. 307,* in the court of chancery, and *Thomson's Executors* v. *Norris, supra* (at *p. 524*). Chief-Justice Beasley, in the latter case, said that "I have not found any case in

which it was maintained the power to appoint to strangers after the expiration of an interest given to the donee of the power was a power in gross." There was in existence at that time *Albany's Case, 1 Coke 110 D; 76 Eng. Reprint 250,* which has been cited in the case below by the chancellor. To the same effect is *Smith* v. *Death, 56 Eng. Reprint 937.* In *Grosvenor* v. *Bowen, 10 Atl. Rep. 589,* there was a bill for specific performance, the question of title being raised under a will which gave property to A for life, on his decease to such person as he might appoint by his will, and in default of such appointment to the heirs of testatrix; it was held that he might release his power to appoint to the tenants in remainder or to extinguish it by joining with the other complainants in a deed conveying the bargained lot to the defendant in fee-simple and therein releasing the power to him. There is a full discussion of the law in this case. There may also be a very clear distinction between a power to appoint among designated strangers and a general power to appoint among all the inhabitants of the earth. In view of the *dictum* of Chief-Justice Beasley in *Thomson's Executors* v. *Norris, supra,* it cannot, I think, be said that the law is so well settled on this point as to permit a decree for specific performance.

I will advise a decree dismissing the bill.